1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    CHRISTOPHER LIPSEY,                    Case No.  14-cv-02767-VC
                    Plaintiff,
8
                                            ORDER SERVING COGNIZABLE
         v.                                 CLAIMS; DENYING FIRST MOTION
9                                           FOR PRELIMINARY INJUNCTION
                                            AND MOTION TO AMEND
10   DR. NORUM, et al.,                      COMPLAINT; DIRECTING
                                            DEFENDANT TO RESPOND TO
                    Defendants.             SECOND MOTION FOR
11                                          PRELIMINARY INJUNCTION

12                                          Re: Dkt. Nos. 18 and 19

13

14

15         Christopher Lipsey, currently incarcerated at Corcoran State Prison, filed a *pro se* civil

16   rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of Pelican Bay State

17   Prison, where Lipsey was previously incarcerated, violated his constitutional rights.  Lipsey's

18   motion to proceed *in forma pauperis* is granted in a separate order.  The Court now addresses the

19   claims asserted in Lipsey's complaint.

20                                       **DISCUSSION**

21   **I.      Standard of Review**

22         A federal court must screen any case in which a prisoner seeks redress from a

23   governmental entity, or officer or employee of a governmental entity, to dismiss any claims that:

24   (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3)

25   seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

26   Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

27   699 (9th Cir. 1988).

28         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

## II. Lipsey's Allegations

Lipsey's complaint alleges the following:

On December 18, 2013, Dr. Norum, Chief of Mental Health at Pelican Bay, without Lipsey's permission and without checking Lipsey's medical records for allergies, ordered that Lipsey be injected with a tranquilizer. When Lipsey asked Norum for something to stop the bad side effects of the tranquilizer, Norum replied, "Why aren't you suicidal anymore? Then I'll order you

2

1  something for the side effects." Then Norum walked away. Lipsey felt pain from the tranquilizer

2  for days after he received the injection.

3        A new suicide prevention device was installed which beeps every fifteen minutes. The

4  beeping makes it impossible for Lipsey to sleep. Even though Lipsey has complained that the

5  device interferes with his sleep, it has not been removed. Lipsey alleges the lack of sleep is a

6  violation of his Eighth Amendment right to be free from cruel and unusual punishment.

7        Lipsey filed a notice of appeal of a judgment in another case but the Ninth Circuit

8  dismissed it for lack of jurisdiction. Lipsey alleges that this is a violation of his First Amendment

9  right to access the courts.

10        Starting in March 2012, Lipsey had trouble accessing the Pelican Bay law library. E.

11  McCumsy, Pelican Bay senior librarian, denied Lipsey access even when Lipsey provided proof

12  that he "had a deadline." N. Bamucci, Pelican Bay staff analyst, denied Lipsey's appeal regarding

13  insufficient law library access. Lipsey asserts these actions violated his right to access the courts.

### III.    Lipsey's Claims

15        Liberally construed, Lipsey's allegations that Dr. Norum ordered Lipsey to be injected

16  with a tranquilizer without his consent and without treating him for serious side-effects, appear to

17  state an Eighth Amendment claim for deliberate indifference to serious medical needs. *See*

18  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (to state Eighth Amendment violation

19  based on the failure to attend to medical needs, prisoner must allege (1) a serious medical need and

20  (2) deliberate indifference to that need by prison officials).

21        Lipsey's allegation that a suicide prevention device inhibits him from sleeping, even

22  liberally construed, does not satisfy the Eighth Amendment's prohibition against cruel and unusual

23  punishment. A prison official violates the Eighth Amendment when two requirements are met.

24  First, the deprivation alleged must be, objectively, sufficiently serious. *Farmer v. Brennan*, 511

25  U.S. 825, 834 (1994). Second, the prison official must possess a sufficiently culpable state of

26  mind. *Id.* The culpable state of mind is that of criminal recklessness, i.e., the official knows of

27  and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official must both be

28  aware of facts from which the inference could be drawn that a substantial risk of serious harm

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    exists, and he must also draw the inference.  *Id.*  Even if Lipsey's allegations met the objective

2    requirement, namely, that the deprivation be sufficiently serious, he does not allege that any prison

3    official was aware that the device was causing him sleep deprivation and then did nothing to

4    remedy the deprivation.  Lipsey names Ron Barnes, the warden of Pelican Bay, "as supervisor of

5    all prison officials and staff members involved."  However, there is no respondeat superior

6    liability in a § 1983 action; a supervisor may be liable only on a showing of (1) personal

7    involvement in the constitutional deprivation or (2) a sufficient causal connection between the

8    supervisor's wrongful conduct and the constitutional violation.  *Henry A.*, 678 F.3d at 1003-04.

9    Therefore, Lipsey's general allegations about Barnes do not implicate him in this constitutional

10   violation.  Lipsey is granted leave to amend this claim to name an individual or individuals who

11   were aware of his sleep deprivation and did not act to remedy it.

12        Lipsey's allegations regarding his appeal of another case, even liberally construed, do not

13   state a claim for denial of access to the courts.  To the contrary, the fact that Lipsey appealed his

14   case to the Ninth Circuit shows that he had access to the courts.  There is no constitutional

15   requirement that, when a person accesses the courts, he or she will receive the desired result.  This

16   claim is dismissed with prejudice because amendment would be futile.

17        Lipsey's allegations regarding lack of access to the law library also fail to state a claim for

18   denial of access to the courts.  Prisoners are guaranteed under the Fourteenth Amendment the right

19   to adequate, effective and meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 820,

20   822-23 (1983).  To state a denial of access claim, however, a plaintiff must state facts that he

21   suffered an actual injury, and that the defendants' actions "hindered his efforts to pursue a legal

22   claim."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Lipsey does not allege an actual injury, that is,

23   how the actions of any individual hindered his efforts to pursue a legal claim.  Lipsey is granted

24   leave to amend to remedy this deficiency.

25   **IV.   Motion to Amend the Complaint**

26        On October 17, 2014, Lipsey filed a motion to amend his complaint to add two claims.

27   The first claim is against the warden of Corcoran State Prison, where Lipsey is presently

28   incarcerated, for "not having properly trained employees, or policy to be informed when authority

4

(his officers) abandon the moral high ground." The second claim is against the kitchen workers and supervisor at Corcoran State Prison for not following state procedures.

When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same State, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). These new claims are based upon events that occurred at Corcoran State Prison, which is located in the Eastern District of California. The defendants who are employees of Corcoran State Prison reside in the Eastern District. Therefore, venue for these claims is proper in the Eastern District, not this district. Therefore, the motion to amend is denied. Plaintiff may file a new complaint alleging these claims in the proper venue, assuming the claims are timely.

**III.    Motion for Preliminary Injunction**

Lipsey moves for a preliminary injunction. From Lipsey's allegations, it appears that he is requesting the Court take some action to stop officials at Corcoran State Prison from preventing him from litigating another case. Lipsey's motion for a preliminary injunction against Corcoran State Prison staff is denied because they are not parties to this action. *See* Fed. R. Civ. P. 65(d) (an injunction is binding only on the parties to the action, their officers, agents, servants, employees and attorneys). Furthermore, the proper venue for a civil rights action against employees at Corcoran State Prison would be the Eastern District of California, where Corcoran and these individuals are located.

**IV.    Motion for Preliminary Injunction or TRO**

Lipsey submitted a document that has been received, but not filed by the Court. It is an "Order to Show Cause for a Preliminary Injunction or TRO" against Pelican Bay Warden Barnes. Lipsey seeks an order directing Barnes to deliver three boxes of property to him. Lipsey alleges that this property is important to the appeal of his criminal conviction and, without it, he will not be able to sufficiently argue his appeal.

United States District Court
Northern District of California

United States District Court
Northern District of California

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's discretion. *Grand Canyon Skywalk Devel., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 n.1 (9th Cir. 2013).

A motion for a preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Immediate injunctive relief in the form of a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant or his attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

Although Lipsey did not allege this claim in his complaint, in the interests of justice, the Court construes it as being incorporated in the complaint. However, Lipsey has not satisfied the requirements for issuance of a TRO and, prior to granting a preliminary injunction, notice to the adverse party is required. Accordingly, the Court will not rule on Lipsey's motion until Barnes has responded to this motion, as directed below.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Lipsey's claim based on actions of the Ninth Circuit Court of Appeals is dismissed with prejudice.

2. Lipsey's Eighth Amendment claim based on sleep deprivation and First Amendment claim based on lack of access to the library are not cognizable. Lipsey may, but is not required to, amend these claims to remedy the deficiencies noted above. He may not add other claims to his

amended complaint.  He must file his amended complaint in one document, on the Court's civil rights complaint form which will be sent to him with this order.

3.  If Lipsey chooses to file an amended complaint, he must do so within <u>twenty-eight days</u> from the date of this Order.  He must file the amended complaint on the Court's civil rights complaint form with the words "First Amended Complaint," on the upper right hand side of the cover page.  Lipsey must use in the caption of the Amended Complaint the name of this case, *Lipsey v. Norum, et al.*, and the case number C 14-2767 VC (PR).  Lipsey is advised that an amended complaint supersedes the original complaint.  *See London V. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all claims alleged in original complaint which are not alleged in an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in amended complaint are no longer defendants).  If Lipsey does not file an amended complaint within twenty-eight days from the date of this Order, dismissal of the noncognizable claims will be with prejudice and his cognizable claims against Norum and Barnes will go forward.

4.  Lipsey's allegations appear to state a cognizable claim for deliberate indifference to his serious medical needs against Dr. Norum and a cognizable claim for lack of access to the courts against Barnes.

5.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of the motion for preliminary injunction or TRO (docket no. 20) and a copy of this Order to Defendants Dr. Norum and Warden Barnes at Pelican Bay.  The Clerk shall also mail a courtesy copy of the complaint with all attachments, the motion for preliminary injunction or TRO and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Lipsey.

6.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Lipsey, to waive service of the summons, fail to do so, they will be required to bear the

cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

7.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Lipsey.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Lipsey with notice of what is required of him to oppose a summary judgment motion.

b.  Lipsey's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Lipsey is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

United States District Court
Northern District of California

8

and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Lipsey is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Lipsey will not be able to avoid summary judgment simply by repeating the allegations of his FAC.

   c. Defendants shall file a reply brief no later than fourteen days after the date Lipsey's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  8. The Court further orders as follows:

   a. On the same date his answer is due, Barnes shall respond to the motion for preliminary injunction. The response to the motion shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be served on Lipsey.

   b. Lipsey may file a reply within fourteen days of the date Barnes' response is filed.

  9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Lipsey and any other necessary witnesses confined in prison.

  10. All communications by Lipsey with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

  11. It is Lipsey's responsibility to prosecute this case. Lipsey must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

United States District Court
Northern District of California

1  Procedure 41(b).

2      12.  Extensions of time are not favored, though reasonable extensions will be granted.  Any

3  motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline

4  sought to be extended.

5      13. The Clerk of the Court shall send Lipsey a blank civil rights form with this Order and

6  file the document that was received at docket number 20.

7      14. The motions to amend the complaint and the motion for a preliminary injunction are

8  denied.  This Order terminates docket numbers 18 and 19.

9      **IT IS SO ORDERED**.

10 Dated: December 1, 2014

11 _____

12 VINCE CHHABRIA
   United States District Judge

United States District Court
Northern District of California