UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>Plaintiff,<br><br>v.<br><br>NORUM, et al.,<br><br>Defendants. | Case No. 14-cv-02767-VC (PR)<br><br>**ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION AND DISMISSING FIRST AMENDMENT CLAIM WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 51 |

Plaintiff Christopher Lipsey filed a *pro se* civil rights complaint alleging that employees of Pelican Bay State Prison, where Lipsey was previously incarcerated, violated his constitutional rights. The Court found that Lipsey stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs and a cognizable Eighth Amendment claim based on sleep deprivation. The Court found that a First Amendment claim based on lack of access to the courts was not cognizable and dismissed it with prejudice. *See* Dkt. No. 47.

On April 17, 2015, Lipsey filed a motion for permission to file a motion for reconsideration of the dismissal of the First Amendment claim so that he may pursue it in this lawsuit. The Court construes this motion as a motion for reconsideration and grants it, in part.

In reconsidering, the Court reaffirms its dismissal of the First Amendment claim, but now dismisses it without prejudice so that Lipsey may re-file it in a separate lawsuit. Federal Rule of Civil Procedure 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Lipsey's First Amendment claim arises out of a different transaction, occurrence or series of transactions or

occurrences than his Eighth Amendment claims.  In addition, there is no question of law or fact common to the Eighth Amendment and First Amendment claims.  Under Federal Rule of Civil Procedure 21, the appropriate remedy for misjoinder is to sever the claims against the misjoined parties.

Therefore, the First Amendment claim against the misjoined parties is dismissed without prejudice.  Lipsey, if he so wishes, may re-file it in a separate lawsuit.  This Order amends the Court's previous order, docket number 47 at 5, to state that the First Amendment claim is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: June 8, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>  Plaintiff,<br><br>  v.<br><br>NORUM, et al.,<br><br>  Defendants. | Case No. 14-cv-02767-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 8, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Lipsey ID: F-18039
Corcoran State Prison Housing 4AIL/64
P.O. Box 3476
Corcoran, CA 93212

Dated: June 8, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

3