UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NORUM, et al.,<br><br>    Defendants. | Case No. 14-cv-02767-VC<br><br>**ORDER FOR PLAINTIFF TO FILE MOTION TO SUBSTITUTE PROPER PARTY OR FACE DISMISSAL OF CLAIM AGAINST DEFENDANT NORUM** |

Plaintiff Christopher Lipsey filed a *pro se* civil rights complaint alleging that employees of Pelican Bay State Prison, where Lipsey was previously incarcerated, violated his constitutional rights. The Court found cognizable an Eighth Amendment claim for deliberate indifference to Lipsey's serious medical needs against Dr. Vance Norum. Although the Court directed that Norum be served, he is unserved because he was no longer employed at Pelican Bay and, subsequently, the United States Marshal was unable to find him. Now, Lipsey has notified the Court that Norum is deceased and that he wishes to proceed against Norum's estate.

When a party dies and the claim is not extinguished, the court may order substitution of the proper legal representative. Fed. R. Civ. P. 25(a); *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). Any party to the action or the deceased party's successors may file a "statement of fact of death" of the deceased party. Fed. R. Civ. P. 25(a). A motion for substitution may be made by any party or the decedent's successor or representative, but if it is not made within ninety days after service of the statement noting the death, the action against the decedent must be dismissed. *Id.*

Service of the statement of death on non-party successors or representatives must be effected in the manner provided in the Federal Rule of Civil Procedure 4 for service of a

summons. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). This commences the running of the ninety day period for substitution motions set forth in Rule 25(a)(1). *Id.*

Although Lipsey has filed a notice of Norum's death with the Court, the notice has not been properly served on Norum's non-party successor or representative. Lipsey has forty-five days from the filing date of this order to notify the Court of the name and address of Lipsey's successor or representative and file a motion for substitution, so that the Marshal may serve the proper party.

If Lipsey does not notify the Court of the proper party to be served within forty-five days, the claim against Lipsey will be dismissed. *See* Fed. R. Civ. P. 4(m) (if defendant not served within 120 days after complaint is filed, court must dismiss the action against that defendant or order that service be made within a specified time).

**IT IS SO ORDERED**.

Dated: June 8, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br>　　　　Plaintiff,<br>　　v.<br>NORUM, et al.,<br>　　　　Defendants. | Case No. 14-cv-02767-VC<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on June 8, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Lipsey ID: F-18039
Corcoran State Prison Housing 4AIL/64
P.O. Box 3476
Corcoran, CA 93212

Dated: June 8, 2015

　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　Kristen Melen, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable VINCE CHHABRIA